**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PITTSFIELD DEVELOPMENT, LLC, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 17-CV-1951** |
| | ) | **Honorable Charles P. Kocoras** |
| **CITY OF CHICAGO,** | ) | **Magistrate Judge Sidney I. Schenkier** |
| **Defendant.** | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

This is a case where the Defendant city drove a Plaintiff property owner into bankruptcy by arbitrarily downzoning its property. In its Memorandum of Law ("Memo"), the City[1] seeks to impose greater pleading standards upon Plaintiffs than those required by the rules. Plaintiffs properly plead a Takings claim as they allege loss of all economically beneficial use of their Properties. Plaintiffs hold Constitutionally protected property interests in both (1) their real estate and (2) the subject Permit. Because of 745 ILCS 10/2-103 as discussed in the City's Memo, Plaintiffs have no adequate state court remedy for just compensation for either the taking of their real estate or the taking of their Permit. Pittsfield Development's bankruptcy confers an additional ground of jurisdiction on this court. Plaintiffs may sever their Properties for purposes of a Takings analysis.[2] As the Downzoning Ordinance only affected the Building, Plaintiffs were entitled to heightened procedural due process protections which were not met. Plaintiffs

[1] Plaintiffs incorporate by reference, defined terms as set forth in the Complaint.
[2] There are three separate parcels owned by the three Plaintiffs. The Pittsfield Development parcel is not contiguous and is more akin to two separate parcels - the first parcel being the ground floor and all basement levels, the second parcel being floors 22-40 of the Building. See Complaint ¶ 12-15.

also properly allege illegal spot zoning which denied them equal protection. As well, Plaintiffs properly allege a substantive due process violation. The facts in cases cited in Defendant's Memo are distinguishable from those alleged in the Complaint. The May 1, 2014 letter and the Permit attached to the Complaint constituted unambiguous promises which Plaintiffs reasonably relied upon, thereby satisfying the pleading standards for promissory estoppel.

## LEGAL STANDARDS

Federal pleading is "notice" pleading. *Frieri v. City of Chicago*, 127 F.Supp.2d 992, 995 (2001). When filing a complaint, under Fed.R.Civ.P. 8(a)(2), a plaintiff need only include a "short and plain statement of the claim showing that the pleader is entitled to relief." Unlike "fact" pleading, required in some states, "notice" pleading does not require the plaintiff to "plead law or match facts to every element of a legal theory." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998). A complaint is not required to allege all, or any, of the facts logically entailed by the claim. It is said that "a plaintiff does not have to plead evidence ...." *Id.* (quoting *American Nurses' Assn. v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986)). A plaintiff may plead conclusions, when "the conclusions ... provide the defendant with minimal notice of the claim." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995).

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint, not to prejudge the merits of the claim. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). For purposes of consideration of a motion to dismiss, well-pleaded factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir.1996).

In the alternative, Plaintiffs should be granted leave to amend in lieu of a dismissal of their complaint. See *Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510 (7th Cir. 2015).

## BANKRUPTCY JURISDICTION

Subsequent to the filing of the Complaint in this case, Plaintiff Pittsfield Development, LLC filed for Chapter 11 bankruptcy protection with the U.S. Bankruptcy Court for the Northern District of Illinois in the case docketed as No. 17-09513. Under 28 U.S.C. § 1334(e)(1), the district court has exclusive jurisdiction over all property of the debtor and all property of the [bankruptcy] estate. Pittsfield Development's rights in the instant causes of action, and proceeds therefrom were listed as assets in its bankruptcy schedules. They constitute property of the estate under well established bankruptcy law. See, e.g. *In re Presswod*, 559 B.R. 204 (Bankr. S.D. Ill. 2016); *Lujano v. Town of Cicero*, 2012 WL 4499326 (Bankr. N.D. Ill. 2012). Also, under 28 U.S.C. § 1334(e)(1), the district court has original and exclusive jurisdiction over all cases under Title 11. Therefore, the district court has jurisdiction over these proceedings under the foregoing authority, in addition to any other authorities, and notwithstanding any argument that the City may make that seeks to deny this court's jurisdiction. See, *e.g.*, *Park Beyond the Park v. City of Torrence*, 157 B.R. 887 (9th Cir. BAP 1993), *Brick v. Department of Transportation*, 9 B.R. 435 (Bankr. N.D. Cal. 1981); *In re PVI Associates*, 181 B.R. 210 (Bankr. E.D. Pa. 1995).

## LAW AND ARGUMENT

### I. The Complaint States Takings Claims that Should be Heard by this Court

**A. Introduction.** At the core of this case is Plaintiffs' claim that the City caused Plaintiffs to lose all economically beneficial use[3] of their Properties as a result of the Downzoning Ordinance. While U.S. Constitutional protections of property rights are determined

[3] The City argues at the end of ¶7 of its Motion to Dismiss (Doc #11) that Plaintiffs' Takings claim fails because Plaintiffs do not properly plead that they have been denied "all economic use" of the Building. However, the standard is whether Plaintiffs were denied "all economically **beneficial** use" of their property. See *Lucas v. S.C.C.C., infra.* Plaintiffs allege in ¶41 of the Complaint that they were denied all economically viable uses and that "the Properties have become a burdensome liability to Plaintiffs and their members." See also, *American Sav. and Loan v. Marin, infra* which holds you can sever parcels to consider economic feasibility and whether this standard has been satisfied.

by federal law, the determination of what property rights are actually protected are determined under state law. See *Lucas v. Village of La Grange*, 831 F.Supp. 1407 (N.D. Ill. 1993), citing *Pioneer Trust and Sav. Bank v. Cook County*, 71 Ill.2d 510 (1978). In Illinois, when an owner of real property substantially changes its position significantly in reliance upon existing zoning, said property owner has a vested right in the continuation of existing zoning. *Id.; Chicago Joe's Tea Room, LLC v. Village of Broadview*, 790 F.Supp.2d 693 (N.D. Ill. 2011); See also, *Industrial Nat. Mortg. Co. v. City of Chicago*, 95 Ill.App.3d 666 (1981). Clearly, Plaintiffs hold protected property rights that the City took away. As will be shown later, these rights include not only the subject real estate itself, but also the Permit.

**B. Background and Legal Authorities to Support Takings Claim.** In *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978) it was held that a use restriction on real property will constitute a "taking" if it is not reasonably necessary to the effectuation of a substantial public purpose or if it has an unduly harsh impact on the owner's use of the property. In *Lucas v. South Carolina Coastal Council*, 112 S.Ct. 2886, 2901 (1992), the court held that when a state denies a person "all economically beneficial use" of his property through a regulation, there has been a taking under the 5th Amendment that requires compensation. In *Dolan v. City of Tigard*, 512 U.S. 374 (1994), it was held that when a municipality failed to meet its burden to show a development restriction was reasonably related to the traffic congestion it was designed to relieve, the restriction constituted a taking under the 5th and 14th Amendments. In *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 125 S.Ct. 2074, 2080 (2005) a Hawaii statute limited rent oil companies could charge dealers who leased stations. The court ruled that the Takings Clause is not designed to limit governmental interference with property rights *per se*, but rather to secure compensation in the event an otherwise proper interference amounts to a

taking. Citing *Lucas*, the *Lingle* Court held that the government must pay just compensation for "total regulatory takings." *Id.* at 2081.

**C. Futility Exception.** In *Daniels v. Area Plan Com'n of Allen County*, 306 F.3d 445 (7th Cir. 2002), plaintiff owners of a lot sued a local planning commission under 42 USC § 1983. The defendant effectively re-zoned plaintiff's property. The suit asserted that the there was a taking of property. The defendant moved to dismiss on ripeness grounds, citing *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 197 (1985), and argued that the plaintiff failed to exhaust remedies in state court. The argument was rejected. The *Williamson* court created an exception to exhaustion requirements if a plaintiff demonstrates that "the inverse condemnation procedure is unavailable or inadequate." The *Daniels* court examined the viability of an "inverse condemnation" claim under state law, found that the remedy was inadequate, and therefore ruled the plaintiffs satisfied the ripeness requirement even though they did not bring an action in state court. *Daniels* 306 F.3d at 457-58.

In the case at bar, the City cites 745 ILCS 10/2-103 on page 14 of its Memo for the proposition that "[a] local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." The City continues by arguing that since the subject downzoning was a legislative enactment, under the cited statute, it cannot be held liable for damages under, *inter alia*, an inverse condemnation theory. Recently, in *Callahan v. City of Chicago, Illinois*, 813 F.3d 658, 660 (7th Cir. 2016), the City of Chicago was sued for a 5th Amendment Takings claim. Citing 745 ILCS 10/2-103, the Seventh Circuit ruled that since compensation is unavailable in state court when there is a regulatory (as opposed to physical) taking, the plaintiff was permitted to bring the action in federal court without first bringing the

case in state court. *Id.* The ruling in *Callahan* was recently adopted in *Vasquez v. Foxx*, 2016 WL 7178465, 7 (N.D. Ill. 2016).

Additionally, under *G.T. Scott*, *infra* and *Soundview Associates*, *infra*, Plaintiffs have a protected property interest in the subject Permit itself. Thus, the issue of whether Plaintiffs have a state court remedy for just compensation for the taking of the Permit, is independent of the issue of whether or not Plaintiffs have an available remedy in state court for just compensation for the taking of the subject real estate.[4]

Based upon the foregoing, Plaintiffs are allowed to file their Takings claims in federal court without first proceeding in state court since there is no available remedy for just compensation in state court.

**D. Special Considerations.** In *G.T. Scott v. Greenville County*, 716 F.2d 1409 (4th Cir. 1983), a South Carolina county denied a permit for construction of low income housing. The developer sued under § 1983, arguing there was a taking. The court ruled *inter alia* that when a previously valid permit has issued and construction begun, a subsequent rezoning that effectively revokes permission to build is a confiscatory taking of the permit itself, citing *Wheeler v. City of Pleasant Grove*, 664 F.2d 99 (5th Cir.1981). Accordingly, not only do Plaintiffs have a protected property right in the subject real estate, they also hold a protected property right in the subject permit. See also, *Soundview Associates*, *infra*.

When a landowner temporarily is deprived of all economically viable use of his land, he is entitled to just compensation for the temporary taking of his property. *First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Cal.*, 482 U.S. 304, 321 (1987). Thus, even if the offending regulation is later rescinded, the government is nevertheless

---

[4] Under *Pioneer Trust and Sav. Bank v. Cook County* and *Industrial Nat. Mortg. Co. v. City of Chicago*, *infra*, it can be said that in addition to the subject real estate itself and in addition to the subject Permit, Plaintiffs also held a third separately protected property right in continuation of the existing zoning.

required to compensate the aggrieved property owner for the period of time in which he lost use of his property on account of said regulation. *Lucas v. South Carolina Coastal Council*, *supra,* 112 S.Ct. at 2913, FN 17. Therefore, even if the Downzoning Ordinance is reversed in the future, Plaintiffs nevertheless are entitled to compensation for a temporary taking.

Severance damages are awarded when government condemns only a portion of a larger parcel. See *American Sav. and Loan Ass'n v. Marin County*, 653 F.2d 364 (9th Cir. 1981) citing *Bauman v. Ross*, 167 U.S. 548 (1897). See also *United States v. 429.59 Acres*, 612 F.2d 459, 464 (9th Cir. 1980). Thus, Plaintiffs may sever their Properties[5] into separate parcels for purposes of determining whether they have been denied "all economically beneficial use" of same.

**E. Discussion.** The City argues on pp. 11-12 of its Memo that Plaintiffs failed to state a Takings claim because of "conclusory" allegations made in the complaint. While Plaintiffs allege that the subject downzoning prohibited them from developing any additional residential units in the Building, the City argues this is not enough. It wants Plaintiffs to plead evidence - detailed requirements regarding square footage, the number of residential units currently developed in the Building, etc. This is contrary to applicable notice pleading standards. The City has been placed on notice of Plaintiffs' claims. To the extent Plaintiffs plead conclusions, this is permitted under *Jackson v. Marion County, supra.* The City's long discussion on pp. 11-12 of its Memo fails to cite any case law to support a ruling that Plaintiffs did not plead sufficient facts.

Next, the City argues that under the applicable zoning code, MCC § 17-4-0207, there are other uses for the Properties. Even if true, this fails because there is no argument, let alone

[5] Indeed, Pittsfield Development subdivided the Building on at least three separate occasions when it deeded out floors 13-21 to a third party buyer, floors 10-12 to Pittsfield Residential, and floors 2-9 to Pittsfield Hotel Holdings. Plaintiffs proffer that they will be able to provide expert testimony that, under local real estate law and practice, buildings are routinely subdivided into separate tax parcels, either by floor or by unit.

demonstration, that such additional uses are in fact economically beneficial. Plaintiffs submit that: (1) other uses cited by the City, to the extent they even exist, are not economically beneficial (i.e., would generate a loss) and (2) they can produce a qualified expert to testify to this effect. In any event, the City's argument fails to address either the Permit that was issued or Plaintiffs' vested property interest therein.

## II. Plaintiffs Properly Allege Procedural Due Process Violations

The authorities support claims that procedural due process was owed to, but not provided to Plaintiffs during the Downzoning Ordinance enactment process.

The City cites *Indiana Land Co., LLC, v. City of Greenwood*, 378 F.3d 705, 710 (7th Cir. 2004) for the proposition that procedural due process is not required when zoning decisions are made by a legislative bodily. However, the City omits the explanation made by the Court:

> An important reason for not requiring notice and an opportunity for a hearing when legislative action is at issue is that legislation normally is general in its scope rather than targeted on a specific individual, and its generality provides a safeguard that is a substitute for procedural protections . . . the tinier the burdened group . . . the weaker is the equal-burden rationale for denying procedural rights in legislative hearings and the stronger therefore is the case for granting such rights in the name of due process.

*Id.,* citing *Pro-Eco, Inc. v. Board of Commissioners*, 57 F.3d 505, 513 (7th Cir. 1995); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 469 (7th Cir., 1988); *Philly's v. Byrne*, 732 F.2d 87, 92-93 (7th Cir.1984). It follows that the *Indiana Land* court would have ruled differently if the instant set of facts (*i.e.*, that only the plaintiff's property and no other surrounding properties were affected by the subject zoning change) were presented instead.

The notice accorded to Plaintiffs clearly violated Illinois law. In *Passalino v. City of Zion*, 237 Ill.2d 118 (2010) a city decided to enact a zoning change and simply published notice in accordance with 65 ILCS 5/11–13–2. The plaintiff aggrieved property owner never was

served by mail or otherwise with notice of the hearing on the zoning change. Following a detailed discussion of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the *Passalino* court ruled the subject notice was defective because efforts made to provide notice were not "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 237 Ill.2d at 130.

Plaintiffs allegations regarding due process and improper notice both form an additional ground to support their claims in the Complaint, and as well, provide factual background regarding the events which gave rise to Plaintiffs claims.

## III. Plaintiffs Properly Allege Illegal Spot Zoning and Equal Protection Claims

Section III of the City's Memo argues that Plaintiffs fail to properly allege equal protection claims in Counts I (Declaratory Judgment) and VI (Violations of Illinois Constitution). This relates to allegations that the Zoning Change constituted illegal and unconstitutional spot zoning.

Spot zoning is a change in zoning applied to a small area. It is unlawful when the change violates a zoning pattern that is homogenous, compact, and uniform. *Thornber v. Village of North Barrington*, 321 Ill.App.3d 318 (2001). Spot zoning is unconstitutional in Illinois. See, *e.g.*, *Bossman v. Village of Riverton*, 291 Ill.App.3d 769 (1997). Plaintiffs allege in ¶37 of the Complaint that "[t]he Zoning Change enacted by the Downzoning Ordinance only affects the Building and does not affect any surrounding properties. This constitutes illegal spot zoning," and in ¶¶ 54 and 118 that "[t]he Downzoning Ordinance which codifies the Zoning Change constitutes illegal and unconstitutional spot zoning as it only applies to the Building, and to no other properties." In its Memo, the City omits mention of the allegations regarding spot zoning.[6]

[6] The City incorrectly argues at the end of footnote 6 on page 9 of its Memo that "Plaintiffs fail to allege that the [Downzoning Ordinance] lacks a rational basis or that it resulted from any animus toward

Section III of the City's Memo fails to properly address allegations in the Complaint. In addition to omitting discussion of spot zoning allegations and erroneously stating that there were no allegations regarding rational basis or animus, the City incorrectly states on the bottom of page 9 of its Memo that Plaintiffs fail to allege facts that they were treated "differently than anyone". In fact, Plaintiffs do make such allegations in ¶¶ 54 and 118 as referenced, *supra*. The City also misstates a ruling in *Purze v. Village of Winthrop Harbor*, 286 F.3d 452 (7th Cir. 2002). The case went up on appeal following entry of an order granting summary judgment. There was no motion to dismiss ruled upon. The full quote is "[i]n order to succeed, the Purzes must **DEMONSTRATE** (emph. added) that they were treated differently than someone who is prima facie identical in all relevant respects." *Id.* at 455. The City incorrectly argues that "Plaintiffs must **ALLEGE** (emph. added) 'that they were treated differently . . . '" In fact, the plaintiff in *Purze* filed a complaint that was answered. In effect, the City seeks to require Plaintiffs to plead evidence in violation of *Bennett v. Schmidt, supra.*

Finally, the City argues at the conclusion of Section III that Plaintiffs fail to allege that the City acted with "totally illegitimate animus," and that the allegation of having acted with malice is insufficient, citing *Naguib v. Illinois Dep't of Prof'l Regulation*, 986 F. Supp. 1082, 1092 (N.D. Ill. 1997). However, the *Naguib* plaintiff (who was given several chances to amend) filed a rambling, pro se complaint alleging a massive government conspiracy.

## IV. Plaintiffs Properly Allege Substantive Due Process Violations

In Section I of its Memo, the City seeks to hold Plaintiffs to heightened pleading standards over and above those required under the rules and cases. Each case cited is

---

Plaintiffs." Paragraph 48 of the Complaint alleges that "[t]he subject down zoning at issue is not rationally related to any legitimate interests of the City." Paragraph 47 alleges that "Defendant acted with malice toward Plaintiffs in enacting the Downzoning Ordinance which codified the Zoning Change." Paragraph 46 alleges that "Defendant acted arbitrarily in enacting the Downzoning Ordinance which codified the Zoning Change."

distinguishable from the one at bar. Many cited cases involved frivolous lawsuits. While *Dunn v. Fairfield Community High School Dist. No. 225*, 158 F.3d 962 (7th Cir. 1998) is cited for the proposition that substantive due process is very limited, the *Dunn* plaintiffs were disgruntled students in a high school band class who sued to rescind failing grades for misbehavior. Although *Bettendorf v. St. Croix County*, 631 F.3d 421 (7th Cir. 2011) involved a zoning matter, the claimed violation resulted when a court of law struck down a conditional ordinance. There was no permit issued to the *Bettendorf* plaintiff. *Lee v. City of Chi.*, 330 F.3d 456, 467 (7th Cir. 2003), simply involved a dispute where a car was temporarily impounded at a lot. The unemployed plaintiff in *Schroeder v. City of Chi.*, 927 F.2d 957, 961 (7th Cir. 1991) filed a frivolous complaint over a mere delay in receiving his disability benefits. In *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165 (7th Cir. 1994), the aggrieved plaintiff sued because of a delay in an application to up-zone the property. The Seventh Circuit held that the plaintiff did in fact have substantive due process rights in that the fee simple interest in the subject land was a protected right. In *Doherty v. City of Chicago*, 75 F.3d 318, 323-26 (7th Cir. 1996) the plaintiff sued after she was denied a license to run a bingo parlor. *Pro-Eco, Inc. v. Board of Comm'rs of Jay Cnty.*, 57 F.3d 505, 514 (7th Cir. 1995) involved an aggrieved owner of a property that wanted to operate a landfill and protested an ordinance prohibiting same. *Nat'l Paint & Coatings Ass'n v. City of Chi.*, 45 F.3d 1124, 1127 (7th Cir. 1995) centered around a dispute over a city ordinance banning the sale of spray paint. In each of these cases, the plaintiffs failed to present a set of facts as egregious as those set forth by Plaintiffs in the Complaint.

In fact, Plaintiffs properly set forth substantive due process violation allegations in the Complaint. Zoning decisions violate substantive due process when they are invidious or irrational. *Harding v. County of Door,* 870 F.2d 430, 431 (7th Cir.1989); *Coniston Corp. v.*

*Village of Hoffman Estates*, 844 F.2d 461 (7th Cir.1988). *Soundview Associates v. Town of Riverhead*, 725 F.Supp.2d 320 (E.D.N.Y 2010) provides a good example. A property owner sued a township alleging denial of substantive due process for failure to issue a special construction permit. The complaint alleged that the township arbitrarily extinguished plaintiffs existing rights to build a spa on the property pursuant to an existing permit. The defendant township argued zoning would now prohibit the use under the permit. The court ruled there was a two-pronged showing required. First, there must be a sufficient property interest. Second, there must be arbitrary or irrational infringement on the property interest. The court ruled that the permit, once issued, became the property of the recipient and satisfied the property interest requirement. It further ruled that the plaintiff's allegations regarding misconduct on the part of the defendant satisfied its pleading requirement for a substantive due process violation.[7] *Id.* at 334.

Based upon the foregoing, Plaintiffs submit they have satisfied pleading standards to demonstrate substantive due process violations.

## V. <u>The Complaint Properly States a Claim For Promissory Estoppel</u>

Plaintiffs hold an alternative cause of action for promissory estoppel based upon the May 1, 2014 letter and the Permit itself and their detrimental reliance thereon. Under Illinois law, "promissory estoppel" is an equitable tool that allows the court to infer a contract where none would otherwise exist. *Genin, Trudeau & Co. v. Integra Dev. Int'l*, 845 F. Supp. 611 (N.D. Ill. 1994). The elements are: (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff

[7] Plaintiffs allege in ¶¶ 29-and 32 of the Complaint that the Pittsfield Building was downzoned only after an unsuccessful and aggrieved prospective purchaser met with the Alderman to oppose the hotel for which the property was zoned and a permit issued. The prospective purchaser is alleged to have wanted a conversion to residential, and the downzone hampered Plaintiffs' ability to sell to others. Plaintiffs further allege in ¶¶ 46, 47, 61, 62, 80 and 81 that Defendant acted arbitrarily and with malice toward Plaintiffs, and ¶¶48, 63 and 82 that the Downzoning is not rationally related to legitimate interests of the City.

relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendant, and (4) plaintiff relied on the promise to its detriment. *Matthews v. Chicago Transit Authority*, 2016 IL 117638, ¶95, 51 N.E.3d 753, 780 (2016). Claims of promissory estoppel are allowed against public bodies to prevent fraud and injustice. *Boswell v. City of Chicago*, 2016 IL App (1st) 150871, 69 N.E.3d 379 (2016) at ¶¶ 31-33.

Defendant argues on p. 13 of its Memo that the May 1, 2014 letter is not an unambiguous promise by the City, and that Plaintiffs did not change their position in reliance. In a promissory estoppel context, a "promise" is a manifestation of intent by the promisor to be bound, and is to be judged by an objective standard. *Beer Capitol Distributing, Inc. v. Guinness Bass Import Co.*, 290 F.3d 877 (7th Cir. 2002). Plaintiffs submit Exhibit "1" reflects a manifestation by the City's Department of Planning to be bound - it charged a fee of $150 for the letter. The City then miscategorizes *Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 103 (2005), where a party sought to use equitable (i.e., not promissory) estoppel, as a defense (and not a claim). While Defendant's Memo states that the letter is not an unambiguous promise[8] from the City because it is not a legislative enactment or directive, a detailed reading of *Schivarelli* supports Plaintiffs. In *Schivarelli*, the court ruled that to invoke equitable estoppel against a municipality, there must be an affirmative act on its part, and the inducement of substantial reliance by the affirmative act. *Id.* While *Schivarelli* states that an unauthorized act of a ministerial officer or a ministerial misinterpretation cannot bind the municipality, the Complaint does not allege an *unauthorized* act of a ministerial officer or a ministerial misinterpretation. It alleges a promise made by the City in ¶103.

[8] The City also argues on p. 13 of its Memo there is no promise under a plain reading of the letter. Under *Beer Capitol*, we look to see whether the promisor was intent to be bound. Why would anybody request such a letter otherwise? The City is not the fact finder here when making the "objective" determination. There is no discussion in the Memo as to whether the Permit itself constitutes a "promise."

Plaintiff alleged all the elements of a promissory estoppel cause of action. There are detailed allegations in ¶¶ 23-27 regarding detrimental reliance. It is further submitted to the Court that reliance upon an advisory opinion letter from the City, as well as a permit, when one requests and pays for same is both reasonable[9] and foreseeable. Since promissory estoppel is employed to form a contract[10], 745 ILCS 10/2-103 does not bar recovery since contract actions are explicitly excluded from its reach pursuant to 745 ILCS 10/2-101(a).

Accordingly, it is respectfully submitted that the Complaint properly states a cause of action for promissory estoppel.

## VI. Plaintiffs Concede the Tort Immunity Act Limits Recovery Under State Law

The City argues in Section VI on p. 14 of its Memo that 745 ILCS 10/2-103 bars recovery of damages under, *inter alia*, the Inverse Condemnation claim in Count IV, and Illinois Constitution claims in Count VI.[11] Under the authority of *Callahan*, *supra*, Plaintiffs concede the arguments set forth in the City's Memo with respect to these two Counts only, and that Plaintiffs do not have an available remedy in state court to obtain just compensation for the taking of their property by the City. Plaintiffs stand by their argument in Section V of this memorandum, *supra*, that they have properly set forth a claim for Promissory Estoppel.

---

[9] While the City argues on p. 13 of its Memo that it is not reasonable for Plaintiffs to have relied on the subject letter because "under long-standing Illinois law, property owners do not enjoy the right to the continuation of any particular zoning classification," the argument is wrong. See *Pioneer Trust and Sav. Bank v. Cook County, Chicago Joe's Tea Room, LLC v. Village of Broadview,* and *Industrial Nat. Mortg. Co. v. City of Chicago, supra,* holding that under Ill. law, when an owner of real property substantially changes its position significantly in reliance upon existing zoning, said property owner has a vested right in the continuation of existing zoning.

[10] See *Genin, Trudeau & Co.*, *supra*, holding that promissory estoppel is employed to infer a contract.

[11] Plaintiffs do not concede that 65 ILCS 5/11-13-25(a) time bars Plaintiffs' claims. The statute only applies to a "petition or application for a special use, variance, rezoning, or other amendment to a zoning ordinance . . ." Courts look to the plain and ordinary meaning of a statute when asked to interpret. *Board of Education of Springfield School District No. 186 v. The Attorney General of Illinois*, 2017 IL 120343 (2017). There was no "petitioner" or "applicant" here. Therefore, 65 ILCS 5/11-13-25(a) does not apply. The statute of limitations for § 1983 claims in Illinois, the type of which Plaintiffs brought against Defendant in the Complaint, is two years. *Dominguez v. Hanley*, 545 F3d 585, 588 (7th Cir., 2008).

## CONCLUSION

Based upon the above-cited reasons and authorities, Plaintiffs pray that this Court deny in its entirety, Defendant's Motion to Dismiss. In the alternative, Plaintiffs pray they be granted leave to amend the Complaint.

Pittsfield Residential II, LLC,
Pittsfield Hotel Holdings, LLC and
Pittsfield Development, LLC

By:____/s/ Christopher Bargione
One of their Attorneys

Christopher Bargione (ARDC #6185177)
chris@cb-law.com
Adrian Vuckovich (ARDC #6207978)
av@cb-law.com
Collins Bargione & Vuckovich
One North LaSalle Street, Suite 300
Chicago, Illinois 60602
(312) 372-7813