IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PITTSFIELD DEVELOPMENT, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-CV-1951 Honorable Charles P. Kocoras |
| CITY OF CHICAGO, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) ) | |

**DEFENDANT CITY OF CHICAGO'S RULE 12(b)(1) AND 12(b)(6)
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant City of Chicago, by its counsel, Edward N. Siskel, Corporation Counsel for the City of Chicago, hereby moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Amended Complaint. In support hereof, the City states as follows:

1. In their Amended Complaint, Plaintiffs Pittsfield Development, LLC ("Development"), Pittsfield Residential II, LLC, ("Residential") and Pittsfield Hotel Holdings, LLC ("Hotel") challenge the rezoning of the Pittsfield Building located at 55 E. Washington St., Chicago, Illinois from DX-16 to DR-10 ("the "Ordinance"). Hotel claims in Counts I and II, respectively, that the Ordinance's new zoning classification, which does not permit a hotel use, rendered its property interest in floors 2-9 of the Pittsfield Building and its allegedly separate and distinct purported interest in a building permit allowing it to develop those floors into a hotel, economically worthless. In Counts III through V, Plaintiffs bring substantive due process challenges alleging that the Ordinance arbitrarily interfered with their property interests in the Pittsfield Building.

2. Although Hotel continues to allege that the Ordinance rendered its floors of the Pittsfield Building "valueless," just as it did in the initial complaint, Plaintiffs' counsel advised the Court on December 12, 2017, that Plaintiffs had in fact sold their collective real property in the building. Following this concession, the City moved the Court for an order directing Plaintiffs to amend their pleading to conform to the new facts relating to the sale and the Court's ruling on the City's motion to dismiss. (Dkt. 25.) The Court granted the City's motion, (dkt. 27), and Plaintiffs filed their Amended Complaint to comply with the Court's order on January 16, 2018 (dkt. 29).

3. New allegations in the Amended Complaint and Development's court filings in a related bankruptcy action establish that Plaintiffs' interests in the Pittsfield Building retained considerable market and development value, with the DR-10 zoning classification. Indeed, on June 29, 2017, Plaintiffs ultimately sold their "collective" interests in the building for $20,800,000. (*Id.* ¶ 59.) They also received numerous prior substantial offers for their interests in the Pittsfield Building soon after retaining a broker.

4. Hotel's interests in the Pittsfield Property retained market and development value following the passage of the Ordinance. As a result, Hotel lacks standing to bring its Count I *Lucas* takings claim, and the claim fails on the merits. *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 440 (8th Cir. 2007) (holding that no total regulatory taking of gambling machines occurred because the plaintiff could, *inter alia*, sell the machines); *Palazzolo v. Rhode Island*, 533 U.S. 606, 631 (2001) (holding that no total regulatory taking occurred where the plaintiff's property retained a "development value" of $200,000). Any claims that Plaintiffs possessed vested rights to develop the property in accordance with prior zoning have been rendered moot by the sale of the property. *Image Media Advertising, Inc. v. City of Chicago, et*

*al.*, Case No. 17-CV-4513, dkt. 66 (N.D. Ill. December 7, 2017) (J. Feinerman) (emphasizing that every vested rights case of which the court was aware identifies a writ of mandamus as the appropriate remedy).

5. Hotel cannot fall back on its contention that the Ordinance rendered its building permit valueless, as *Lucas* takings apply only to real property.[1] Plaintiffs plead that Hotel's building permit is *not* real property. (*E.g.* dkt. 29 ¶ 15.)

6. Along with the instant motion, the City is filing a motion to reconsider the Court's November 28, 2017 ruling as to whether Plaintiffs possess a constitutionally protected property in Hotel's building permit. Given that the nature of the Court's ruling as to Hotel's building permit creates ambiguity as to the proper vehicle to move for dismissal, the City incorporates the arguments presented in the motion to reconsider as though fully set forth herein.

7. As Hotel's total regulatory takings claims fail, so too do Plaintiffs' substantive due process claims, as there is no independent constitutional violation and Plaintiffs plead nothing more than a conclusory allegation as to the inadequacy of state law remedies. *LeBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943 (7th Cir. 2010) ("The amended complaint alleges only that 'Labella has no adequate state law remedy available to it to address this unlawful conduct by the Village and Williams.' We have held that 'such a conclusory allegation is insufficient.'") (quoting *Doherty*, 75 F.3d at 324). Indeed, Development and Residential do not even plead any independent constitutional cause of action. (*See* Dkt. 29.) Thus, the Court should dismiss the Amended Complaint in full.

---

[1] Along with its motion to dismiss, the City has filed a motion to reconsider that portion of the Court's November 28, 2017 Order holding that Plaintiffs' building permit is a constitutionally protected property interest in the takings context. The City's arguments in its motion for reconsideration are fully incorporated herein.

8. The City has filed a Memorandum in Support of Its Motion to Dismiss, which is incorporated herein by reference and more fully provides the bases for which dismissal is warranted.

## **CONCLUSION**

**WHEREFORE** the City of Chicago respectfully requests that the Court enter an order dismissing Plaintiffs' Amended Complaint in full and granting any other relief that the Court deems just and appropriate.

Date:  February 20, 2018                                              Respectfully submitted,

ANDREW S. MINE                                                       EDWARD N. SISKEL,
JORDAN A. ROSEN                                                      Corporation Counsel for the City of Chicago
City of Chicago, Department of Law
Constitutional and Commercial Litig. Div.       By:     /s/ Jordan A. Rosen
30 North LaSalle Street, Suite 1230                             Assistant Corporation Counsel
Chicago, Illinois 60602
(312) 744-7220 / 744-9018

*Attorneys for Defendant*