IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PITTSFIELD DEVELOPMENT, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17-CV-1951 Honorable Charles P. Kocoras |
| CITY OF CHICAGO, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR RECONSIDERATION**

Defendant, City of Chicago, by its counsel, Edward N. Siskel, Corporation Counsel for the City of Chicago, hereby respectfully moves this Honorable Court for an order staying discovery pending resolution of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Motion for Reconsideration. In support of this motion, the City states as follows:

1. On January 16, 2018, Plaintiffs Pittsfield Development, LLC ("Development"), Pittsfield Residential II, LLC, ("Residential") and Pittsfield Hotel Holdings, LLC ("Hotel") filed their First Amended Complaint (the "Amended Complaint") challenging the rezoning of the Pittsfield Building located at 55 E. Washington St., Chicago, Illinois from DX-16 to DR-10 ("the "Ordinance"). (Dkt. 29.) The Amended Complaint is fundamentally different from the prior pleading in relation to the appropriateness of discovery at this juncture.

2. The Amended Complaint is divided into five counts. In Counts I and II, respectively, Hotel claims that the new zoning classification, which does not permit a hotel use, resulted in total regulatory takings of its property interests in floors 2-9 of the Pittsfield Building and of a building permit allowing it to develop those floors into a hotel. In Counts III through V,

Plaintiffs bring putative substantive due process challenges alleging that the Ordinance arbitrarily interfered with their property interests in the Pittsfield Building. (Dkt. 29.) As to the regulatory takings claims, Hotel continues to allege that the Ordinance deprived its floors of the Pittsfield Building (floors 2-9) and its building permit of all economically viable use, just as it did in the initial pleading.

3. Although Hotel continues to claim that its interests in the Pittsfield Building were rendered valueless, the Amended Complaint (repled by order of this Court) admits, for the first time, that Plaintiffs sold their collective real property in the Pittsfield Building for $20,800,000 on June 29, 2017. (Dkt. 29 ¶ 59.) Moreover, Development's court filings in a related bankruptcy action, *In re: Pittsfield Development, LLC*, Case No. 17-09513 (Bankr. N.D. Ill.), establish that Plaintiffs received numerous prior offers for their interests in the Pittsfield Building soon after retaining a broker to sell the property. The purchase offers included, but were not limited to, offers of $16,500,000 and $16,000,000. *See* Motion to Dismiss Am. Compl., Exs. A, B. The purchase price and the prior offers included Hotel's floors of the Pittsfield Building. *Id.*; (dkt. 29 ¶¶ 59, 61.)

4. On November 28, 2017, the Court granted in part and denied in part the City's motion to dismiss Plaintiffs' initial pleading. (Dkt. 20.) The Court permitted Hotel's total regulatory takings claim premised on its interests in floors 2-9 of the Pittsfield Building and its purported property interest in its building permit to survive. (*Id.*) Plaintiffs' substantive due process claims alleging that the Ordinance arbitrarily interfered with their property interests in the building also survived the City's motion. (*Id.*)

5. In ruling on Hotel's takings claim related to floors 2-9 of the building, the Court reasoned that Plaintiffs need not, at the pleadings stage, plead in "exacting detail the fiscal perils of the

2

uses that the City, by passing the Downzoning Ordinance, has confined Hotel to pursue." (Dkr. 20 at 19.) The Court also noted that even though Plaintiffs had adequately pled deprivation of all economically beneficial uses of floors 2-9, "[f]act discovery may well prove otherwise." (Dkt. 20 at 20.)

6. Plaintiffs sold their Pittsfield property and received numerous prior substantial offers. Thus, actual events in the free market have overtaken any need for further discovery as to whether Hotel's interests in the Pittsfield Building retained value following the Ordinance's passage. The City is filing a Motion to Dismiss Plaintiffs' Amended Complaint in full and a Motion for Reconsideration as to the Court's November 28, 2017 ruling on its initial motion to dismiss. By the instant motion, the City requests that the Court enter an order staying discovery pending its resolution of its new Motion to Dismiss and Motion for Reconsideration.

7. The Court has discretion under Rule 26 to "limit the scope of discovery or to order that discovery be conducted in a particular sequence. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996); Fed. R. Civ. P. 26(b)-(d). The Federal Rules also grant trial courts broad discretion over the timing and extent of discovery. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). It is appropriate to stay discovery pending resolution of a motion to dismiss where the requested discovery would not help resolve the motion. *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993). Courts are more likely to grant motions to dismiss that raise threshold issues, such as standing or mootness. *See*, *e.g.*, *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990); *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters").

8.     A stay of discovery is warranted. The City's Motion to Dismiss is likely to result in the dismissal of Plaintiffs' claims, which depend on their assertion that the Ordinance rendered Hotel's interests in the Pittsfield Building worthless, in full.

9.     Plaintiffs' new admissions in the Amended Complaint and Development's bankruptcy court filings establish that Plaintiffs' collective interests in the Pittsfield Building retained considerable market and development value following the Ordinance's passage. (Dkt. 29 ¶¶ 59, 61); Motion to Dismiss Am. Compl., Exs. A, B. Where a property retains significant market or development value following a challenged governmental law or decision, there can be no total regulatory taking. *Hawkeye Commodity Promotions, Inc. v. Vilsack*, 486 F.3d 430, 440 (8th Cir. 2007) (holding that no total regulatory taking of gambling machines occurred because the plaintiff could, *inter alia*, sell the machines); *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001) (holding that no total regulatory taking occurred where the plaintiff's property retained a "development value" of $200,000).

10.    Plaintiffs also plead that Hotel's building permit is a property interest separate and distinct from their real property related to the Pittsfield Building. (Dkt. 29 ¶ 15). Thus, Hotel's *Lucas* claim as to this issue must be dismissed. *Lucas* applies only to real property. *Parkridge Investors, Ltd. P'ship v. Farmers Home Admin.*, 13 F.3d 1192, 1199 (8th Cir. 1994) (holding that *Lucas* does not apply to a claimed property interest in the right to prepay a loan); *Hawkeye Commodity Promotions, Inc.*, 486 F.3d at 441 ("Thus, it appears that *Lucas* protects real property only.").

11.    Plaintiffs' substantive due process claims also fail, as they allege no independent constitutional violation or anything more than a conclusory allegation as to the inadequacy of

state law remedies. Indeed, Development and Residential do not even allege an independent constitutional cause of action. (*See* Dkt. 29, Cts. IV, V.)

12. The City also raises standing and mootness defenses in its Motion to Dismiss, premised largely on Plaintiffs' sale of their Pittsfield property, further underscoring the need to stay discovery. Any claims relying on Plaintiffs' purported vested rights interests in developing the property in accordance with their original plans under Illinois' vested rights doctrine have been rendered moot following the sale of the building. Importantly, Hotel, which now alleges that floors 2-9 of the building suffered a mere diminution in value, has suffered no injury-in-fact to a *legally protected* interest that would entitle it to pursue a *total* regulatory takings claim. Further, the alleged diminution in value cannot be redressed by a favorable ruling on a total regulatory takings cause of action.

13. Finally, the City would be unfairly prejudiced and incur significant, unnecessary expense were it required to engage in discovery as to issues that have already been established by Plaintiffs' own pleading and Development's bankruptcy court filings. This is all the more so in light of the fact that jurisdiction is challenged by way of the standing and mootness arguments.

14. Counsel for the City conferred with Plaintiffs' counsel regarding the instant motion on February 2, 2018, and counsel stated that he would not agree to the motion.

**WHEREFORE**, Defendant City of Chicago respectfully requests that the Court enter an order staying discovery pending its resolution of the City's Motion to Dismiss and Motion for Reconsideration, and for any other relief that the Court deems just and proper.

| | |
|---|---|
| Date: February 20, 2018 | Respectfully submitted, |

ANDREW S. MINE
JORDAN A. ROSEN
City of Chicago, Department of Law
Constitutional and Commercial Litig. Div.
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7220 / 744-9018

*Attorneys for Defendant*

EDWARD N. SISKEL,
Corporation Counsel for the City of Chicago

By:  /s/ Jordan A. Rosen
         Assistant Corporation Counsel