# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PITTSFIELD DEVELOPMENT, LLC, an Illinois limited liability company, PITTSFIELD RESIDENTIAL II, LLC, an Illinois limited liability company, and PITTSFIELD HOTEL HOLDINGS, LLC, an Illinois limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, an Illinois municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 17-CV-1951 ) Honorable Charles P. Kocoras ) Magistrate Judge Heather K. McShain ) ) ) |

**PLAINTIFFS PITTSFIELD DEVELOPMENT, LLC'S AND
PITTSFIELD RESIDENTIAL II, LLC'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT CITY OF CHICAGO'S RULE 37(c)
<u>MOTION TO BAR EVIDENCE OF DAMAGES AS DISCOVERY SANCTIONS</u>**

NOW COME the Plaintiffs, Pittsfield Development, LLC (also referred to as "Development") and Pittsfield Residential II, LLC (also referred to as "Residential") by and through their attorneys, Christopher Bargione and Adrian Vuckovich of Collins Bargione & Vuckovich, and for their memorandum of law in opposition to Defendant City of Chicago's Rule 37(c) motion to bar evidence of damages as discovery sanctions, and in support thereof, state as follows.

**FACTS**

1. On May 3, 2019, Plaintiffs Pittsfield Development, LLC, Pittsfield Residential II, LLC and Pittsfield Hotel Holdings, LLC served their initial Rule 23(6) disclosures upon Defendant's counsel. (A copy of which is attached hereto as Exhibit 1). In response to Federal

1

Rule of Civil Procedure 26(a)(1)(c) regarding damages, Plaintiffs responded, "Plaintiffs are claiming lost income as a result of the revocation of the Permit, Plaintiffs are also seeking damages for lost sales of the Building as a result of the downzoning of the property. Plaintiffs are also seeking damages for the demolition costs they incurred. Plaintiffs are also seeking damages for the effective revocation of the Permit to build a hotel on floors 2-9. Plaintiffs are also seeking damages for loss of the Permit which are loss of all value of the Permit as a result of the confiscation thereof."

      2.      The Defendant City of Chicago issued a first set of interrogatories to Plaintiff Pittsfield Residential II, LLC and a first set of interrogatories to Plaintiff Pittsfield Development, LLC, copies of which are attached hereto as Exhibits 2 and 3.

      3.      Plaintiff Pittsfield Residential II, LLC served responses to Defendant City of Chicago's first set of interrogatories and Plaintiff Pittsfield Development, LLC served responses to Defendant City of Chicago's first set of interrogatories, copies of which are attached hereto as Exhibits 4 and 5. In interrogatory #7 of the interrogatories directed to Plaintiff Pittsfield Residential II, LLC, the Defendant asked, "For Residential Floors, identify and provide a computation of any lost profits that Residential is claiming." In response, Plaintiff stated they were unable to obtain permits for the upgrade or modification to the units owned by Plaintiff since the property was now non-conforming. Residential received approximately 40% less than it would have received from the proceeds of sale if the property had not been downzoned.

      4.      In interrogatory #15, Defendant asked, "As to each property interest identified and detailed in Interrogatory No. 14, state the just compensation to which Plaintiff believes it is entitled under the United States Constitution." In response, Plaintiff answered that it was entitled to at least $4,000,000.00 in compensation from the City as a result of the complained of taking.

Plaintiff's future rights to maintain and operate residential units were impaired by the subject downzoning. Plaintiff was unable to obtain permits for the upgrade or modification to units owned by Plaintiff since the property was now non-conforming and Plaintiff Pittsfield Residential II, LLC received approximately 40% less than it would have received from proceeds of sale had it not been downzoned.

5. In the interrogatories issued to Pittsfield Development, LLC #7, it asks, "For Tower Floors, Identify and provide a computation of any lost profits that Development is claiming, including a description of the Documents or other evidentiary material on which your loft profits are based, as well as the legal basis for your claim of lost profits." In response, Plaintiff Development, LLC answered documents were provided to Defendant which included leases with tenants who were removed from the Tower along with appraisal procured by Plaintiff which may be produced separately in response to expert discovery. In response to interrogatory #15, Plaintiff Development, LLC answered, prior to the downzoning Plaintiff was allowed to develop 27 residential units within the Tower, after the downzoning, no additional residential units were allowed in the Pittsfield Building.

6. The Defendant City of Chicago issued a first set of requests for documents to Plaintiffs Pittsfield Development, LLC and to Pittsfield Residential II, LLC, copies of which are attached hereto as Exhibits 6 and 7. Plaintiffs Pittsfield Residential II, LLC and Pittsfield Development, LLC answered said requests for production of documents, copies of which are attached hereto as Exhibits 8 and 9. In answer to interrogatory #15 directed to Pittsfield Residential II, LLC, Plaintiff responded that it would produce the requested documents that are in Plaintiff's possession.

3

7. In response to request to produce #15 directed to Plaintiff Pittsfield Development, LLC, Development responded that Plaintiff will produce the requested documents that are in Plaintiff's possession that relate to the subject litigation.

8. On March 23, 2021, Defendant City of Chicago served upon Plaintiffs Pittsfield Development, LLC and Pittsfield Residential II, LLC a second set of interrogatories, copies of which are attached hereto as Exhibits 10 and 11.

9. On April 23, 2021, Plaintiffs Pittsfield Development, LLC and Pittsfield Residential II, LLC served their responses to the second set of interrogatories on the Defendant, copies of which are attached hereto as Exhibits 12 and 13. On August 19, 2021, Defendant filed its Rule 37(c) motion to bar evidence of damages as discovery sanction. This memorandum of law is written in opposition to said motion.

**LAW**

Rule 26(a)(1)(A)(3) requires a party seeking damages to provide a computation of each category of damages claimed by the disclosing party.

Federal Rule of Civil Procedure 37 provides that if a party fails to provide information or identity of a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at a trial, unless the failure was substantially justified or harmless. _Physicians Healthsource, Inc. v. Alma Lasers, Inc._, 2014 U.S. Dist. LEXIS 162709, at *3, 2014 WL 6561781 (N.D. Ill. Nov. 20, 2014). Rule 37(c) preclusion sanction is mandatory absent a showing that the failure to comply with Rule 26 was justified or harmless. _Salgado v. General Motors Corp._, 150 F.3d 735, 742 (7th Circ. 1998). The 7th Circuit applies the following factors in determining whether a violation of Rule 26(a) is justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is

4

offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willingness involved in not disclosing the evidence at an earlier date. <u>David v. Caterpillar, Inc.</u>, 324 F.3d 851, 857 (7th Circuit 2003).

## ARGUMENT

**I.      PITTSFIELD DEVELOPMENT, LLC DISCLOSED ITS DAMAGES**

Plaintiff Pittsfield Development, LLC in its answer to Defendant City of Chicago's second set of interrogatories set forth all the facts supporting the contention in its complaint regarding Development's sustaining significant injuries and damages in excess of $17,500,000.00. (See Exhibit 12). Defendant City of Chicago was provided with during discovery the condominium conversion study plans, the City issued permits for the Tower (floors 23-38) and related documentation of fees incurred for the Tower, the plans for the development of the retail space on the ground floor of the Building, the Building permits issued for floors 23-38, the plans for development of retail space on the ground floor of the Building, the letters of intent from 7/11 and Bluestone. After the Downzoning Ordinance, Development was no longer able to develop the Tower as no additional residential units were allowed under DR-10. Plaintiff Development also provided the Defendant with the plans for the Tower and also provided the information regarding the Permit fees expended by Development. Development did provide the calculation for the damages to Pittsfield Development with regard to the Tower.

With regard to the basement damages, the Defendant was provided with the floor plans of the Building and the rent rolls of the property. As to the ground floor of the Development property which contained retail space, the zoning change prevented Development from re-letting. Plaintiff Development provided the Defendant with the letters of intent from 7/11 and Bluestone

for potential rental. Contrary to the Defendant's assertions, Pittsfield Development did disclose the documents supporting the damages as to Pittsfield Development.

The 7th Circuit applies four factors in determining whether a violation of Rule 26(a) is justified or harmless. The third factor is the likelihood of disruption to the trial. This case is not set for trial and therefore that factor weighs in favor of the Plaintiffs. With regard to the first factor, the prejudice or surprise to the party against whom the evidence is offered, in its initial disclosure, the Plaintiffs stated that they were claiming lost income as a result of the revocation of the Permit, the Defendant City of Chicago was on notice of the claim for damages relating to the downzoning and revocation of the permit. There was no surprise to the Defendant. Therefore, this factor weighs in favors of the Plaintiffs. The second factor, the ability of the party to cure the prejudice also weighs in favor of the Plaintiffs. As disclosed in the initial disclosure, Robert Danial was to testify regarding damages. The Defendant took his deposition and asked no questions regarding any damages sustained by Pittsfield Development, LLC or Pittsfield Residential II, LLC during the deposition. In the event the Defendant wants to take a deposition of Mr. Danial as to the basis of his calculations, Plaintiffs have no objection. As to the fourth factor, the bad faith or willingness involved in not disclosing the evidence at an earlier date, the Plaintiff submits that they did provide the documents supporting the computation during fact discovery.

Based on the foregoing, Plaintiff Pittsfield Development, LLC prays that this Court enter an order denying Defendant City of Chicago's Rule 37(c) motion to bar evidence of damages as to Pittsfield Development, LLC.

## II. PITTSFIELD RESIDENTIAL II, LLC DISCLOSED ITS DAMAGES

Plaintiff Pittsfield Residential II, LLC in answer to Defendant City of Chicago's second set of interrogatories stated in response to interrogatory #24 that the DR-10 prevented Residential from renovating its space because it became overbilled following the zoning change. Also, because the Pittsfield properties were largely vacant because of the zoning change, more cost for upkeep of the Pittsfield properties fell on Residential which resulted in lower rental value for the units within the Residential property. Since no hotel was built, the rent for the rentals on floors 10-12 were lower because these amenities were not provided. During discovery, Plaintiffs provided the Defendant with the rent rolls for floors 10-12. Plaintiff Pittsfield Residential II also provided its tax returns showing its profit and losses. Plaintiff also provided all the documents to Defendant City of Chicago with regard to the profitability of the Building after the downzoning occurred and the revocation of the permit. The four factors relied upon by the 7th Circuit favor the Plaintiff. As previously stated, no trial date has been set, therefore this factor weights in favor of the Plaintiff, there was no prejudice or surprise to the Defendant, and this factor also weighs in favor of the factor, the factor of the ability of the party to cure the prejudice, as previously stated, the Defendant can take a limited deposition of Mr. Danial with regard to his calculation of the damage, and the fourth factor Plaintiffs believe favor the Plaintiff in that there was not bad faith in not disclosing the evidence at an earlier time.

Defendant also incorrectly argues that the evidence cannot be provided in an admissible form as it is presented on testimony from Mr. Danial on topics that do not qualify as lay opinion testimony. Defendant cites no basis for said argument. Lost sales and lost rental income do not require scientific, technical or other specialized knowledge within the scope of Rule 702.

7

## CONCLUSION

Based upon the above cited reasons and authorities, Plaintiffs Pittsfield Development, LLC and Pittsfield Residential II, LLC pray that this Court enter an order denying Defendant's Rule 37(c) motion to bar evidence of damages as a discovery sanction as to Plaintiffs Pittsfield Development, LLC and Pittsfield Residential II, LLC.

                        By: /s/ Christopher Bargione
                              Christopher Bargione
                              One of the attorneys for Plaintiffs

                              Pittsfield Development, LLC
                              Plaintiff Pittsfield Residential II, LLC

Collins Bargione & Vuckovich
One North LaSalle Street, Suite 300
Chicago, Illinois 60602
312-372-7813
chris@cb-law.com
ARDC: 6185177

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2021, I caused the appended document to be served via CM/ECF, the Court's electronic notification system, upon all counsel of record, including:

      Jordan A. Rosen, City of Chicago, Department of Law,
      Constitutional and Commercial Litigation Division, 2 North LaSalle Street, Suite 520
      Chicago, Illinois 60602 | (312) 744-7220 | Jordan.Rosen@cityofchicago.org

      Peter Cavanaugh, City of Chicago, Department of Law
      Constitutional and Commercial Litigation Division, 2 North LaSalle Street, Suite 520
      Chicago, Illinois 60602 | (312) 744-7220 | Peter.Cavanaugh@cityofchicago.org

                        By:      /s/Christopher Bargione